TOM LOFTUS, Chairperson Assembly Organization Committee
You have asked for an opinion on whether a school district and a cooperative educational service agency (CESA) may contract with a private driving school and receive state aid for pupil driving instruction services performed by such private driving school. It is my opinion that they may not enter into such contracts and receive state aid.
The question necessitates an interpretation of sections 121.41
(1), 20.255 (2)(r) and 343.06 (3), Stats. Section 121.41 (1) provides that each public school district, county handicapped children's education board and vocational, technical and adult education district which provides driver education programs for students shall receive state aids in the amount of $50 for each pupil who successfully completes a course in driver education approved by the Department of Public Instruction ("DPI").
Section 20.255 (2)(r) makes an appropriation: "From the transportation fund, the amounts in the schedule to be distributed to school districts which operate driver education courses in accordance with s. 121.41 (1). The distribution shall be made to school districts upon such reports in such form and containing such information as the state superintendent requires."
A person under the age of eighteen does not have to complete a course in driver education operated by a school district and approved by DPI in order to receive an operator's license. Section 343.06 (3) sets out three alternative programs which would enable a person under eighteen to receive a driver's license:
 The department [of transportation] shall not issue a license:
. . . .
 (3) To any person under age 18 unless the person has satisfactorily completed a course in driver education in public schools *Page 27 
approved by the department of public instruction, or in vocational, technical and adult education schools approved by the board of vocational, technical and adult education, or in nonpublic and private schools which meet the minimum standards set by the department of public instruction, or has satisfactorily completed a substantially equivalent course in driver training approved by the department [of transportation] and given by a school licensed by the department under s. 343.61 . . . .
Statutes relating to the same subject matter are to be construed together and harmonized. State v. Burkman,96 Wis.2d 630, 642, 292 N.W.2d 641 (1980). Thus, the driver education provisions noted above must be read together in an effort to determine whether the Legislature intended to authorize and fund contracts entered into between school districts, CESAs and private driving schools.
A review of those statutory provisions reveals a legislative recognition that students can receive driver education in a number of ways. They can take part in driver education programs operated by public high schools and vocational schools or through county handicapped children's education boards. They can receive such education in nonpublic or private schools meeting DPI minimum standards. Finally, driver education is available through private driver training schools licensed by the Department of Transportation.
Though the Legislature approved these various programs as alternative means of meeting the driver education prerequisite for obtaining an operator's license, it provided funding at a level of $50 per student only for those "school districts which operate driver education courses in accordance with s. 121.41
(1)." Sec. 20.255 (2)(r), Stats. It is my opinion that the Legislature did not intend to provide such funding for nonpublic high schools or private driver training schools.
I conclude that school districts, CESAs and private driver training schools may not indirectly accomplish what they cannot accomplish directly under the existing statutory framework. In other words, it is my opinion that the contracts contemplated in your request would be inconsistent with the legislative intent to fund only those programs operated by public schools. In effect, contracts between public schools, CESAs and private driving schools would *Page 28 
funnel state driver education funds to programs operated by private driving schools. That result contradicts the language of the legislative appropriation which authorizes the distribution of state funds only "to school districts which operate driver education courses . . . ." Sec. 20.255 (2)(r), Stats.
Even aside from the appropriation language, I find a lack of authority to contract with private driver training schools. The Legislature has on several occasions rejected proposed legislation granting school districts broad powers of self-determination. In the absence of such broad authority, the legislative recognition that public school programs and private driver training school programs are distinct alternatives for procuring driver education suggests that the Legislature did not intend that contracts would be entered into with private driver training schools. Furthermore, when the Legislature intends to authorize contracts with private vendors, it has demonstrated the ability to expressly state the authority. See, e.g., secs. 115.83 (1)(a), 115.85 (2)(d), 118.15 (1)(d), 118.153 (3)(c) and 120.21
(1)(b), Stats.
In materials submitted relative to your opinion request, the argument was made that the contemplated contracts with private driving schools are the sole means of delivering cost-efficient driver education to students in smaller school districts. Although that may be the case, nonetheless, it is up to the Legislature to address any proposal for aid to districts in those circumstances.
DJH:DDS *Page 29